1  Charles K. Verhoeven (Bar No. 170151)
   charlesverhoeven@quinnemanuel.com
2  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
3  50 California Street, 22nd Floor
   San Francisco, California 94111
4  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700
5
   Kevin P.B. Johnson (Bar No. 177129)
6  kevinjohnson@quinnemanuel.com
   Victoria F. Maroulis (Bar No. 202603)
7  victoriamaroulis@quinnemanuel.com
   QUINN EMANUEL URQUHART &
8  SULLIVAN, LLP
   555 Twin Dolphin Drive, 5th Floor
9  Redwood Shores, California 94065
   Telephone: (650) 801-5000
10 Facsimile: (650) 801-5100

11 Edward DeFranco (Bar No. 165596)
   eddefranco@quinnemanuel.com
12 QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
13 51 Madison Avenue, 22nd Floor
   New York, New York 10010
14 Telephone: (212) 849-7000
   Facsimile: (212) 849-7100
15
   Michael T. Zeller (Bar No. 196417)
16 michaelzeller@quinnemanuel.com
   QUINN EMANUEL URQUHART &
17 SULLIVAN, LLP
   865 S. Figueroa St., 10th Floor
18 Los Angeles, California 90017
   Telephone: (213) 443-3000
19 Facsimile: (213) 443-3100

20 Attorneys for Plaintiffs Samsung Electronics Co., Ltd. and
   Samsung Telecommunications America, LLC

ORIGINAL FILED

APR 27 2011

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

E-filing

ADR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CV11-02079

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Samsung Electronics Co., Ltd. ("SEC") and Samsung Telecommunications America, LLC ("STA") (collectively, "Samsung") complain and allege as follows against Apple Inc. ("Apple"):

## THE PARTIES

1. Plaintiff SEC is a corporation organized under the laws of Korea, with its principal place of business at 416 Maetan-3dong, Yeongtong-gu, Suwon-City, Gyeonggi-do, Korea 443-742.

2. Plaintiff STA is a limited liability company organized under the laws of Delaware, with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.

3. Upon information and belief, Apple is a corporation organized under the laws of California and has its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Upon information and belief, Apple imports into the United States, offers for sale, sells and/or uses in the United States mobile electronic devices.

## NATURE OF THE ACTION

4. This is an action for patent infringement.

5. Apple has infringed and continues to infringe, contribute to the infringement of, and/or actively induce others to infringe SEC's U.S. Patent No. 7,675,941 ("the '941 patent"), U.S. Patent No. 7,362,867 ("the '867 patent"), U.S. Patent No. 7,447,516 ("the '516 patent"), U.S. Patent No. 7,200,792 ("the '792 patent"), U.S. Patent No. 7,386,001 ("the '001 patent"), U.S. Patent No. 7,050,410 ("the '410 patent"), U.S. Patent No. 6,928,604 ("the '604 patent"), U.S. Patent No. 6,292,179 ("the '179 patent"), U.S. Patent No. 7,009,626 ("the '626 patent"), and U.S. Patent No. 7,069,055 ("the '055 patent") (collectively "the patents-in-suit").

## JURISDICTION AND VENUE

6. This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Apple for at least the following reasons: (i) Apple maintains its principal place of business in this District; (ii) Apple has designated an agent for service of process in the State of California; (iii) Apple has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District and elsewhere in California and the United States; (iv) Apple regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this District and in this State; and (v) Apple has initiated litigation in this judicial District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Apple does business in the State of California, has committed acts of infringement in this State and in this District, has a regular and established place of business in this District, and is subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R. 3-2(c), this case is appropriate for assignment on a district-wide basis because this is an Intellectual Property Action.

## FACTUAL BACKGROUND

10. From its inception as a small business in Taegu, Korea, Samsung has grown to become one of the world's leading electronics companies, specializing in digital products and media, semiconductors, memory, and system integration. Today Samsung's innovative and top quality consumer products are widely recognized and appreciated across the globe.

11. Samsung has a long history of groundbreaking innovation across a wide range of technologies. Samsung's commitment to innovation is demonstrated in part by the billions of dollars in research and development expenditures incurred over the years. From 2005 through 2010 alone, Samsung invested more than $35 billion in research and development. More than a quarter of all Samsung employees – over 50,100 engineers overall, including about 8,700 in telecommunications – daily engage in cutting-edge research and development projects.

12. Samsung's commitment to innovation and investment in research and development is demonstrated by the fact that Samsung has in its portfolio as of April 1, 2011,

28,700 United States patents, including 5,933 in the telecommunications field. Samsung is consistently ranked ahead of other technology companies in terms of the number of issued patents obtained in the United States, with 4,551 issued patents in 2010 alone.

13. Samsung's research and development successes have propelled the company to its status as the largest provider by volume of mobile devices in the United States and the second largest in the world. During the last half of 2010, Samsung sold more Android-based devices worldwide than any other company.

14. Samsung has been a pioneer in the mobile device business sector since the inception of the mobile device industry. In 1999, Samsung introduced its first multi-function "smart phone" that provided both internet access (for sending E-mails and for electronic chatting) and personal digital assistant ("PDA") features. In 2001 Samsung introduced into the United States the first PDA phone with a 256-color screen, selected as one of the Best Products of 2001 by BusinessWeek magazine.

15. Also in 2001, Samsung broke the 1 cm technological barrier and stunned the industry with an ultra-slim, lightweight flip phone that was only 9.8 mm thick. This innovation sparked the ultra-portable mobile phone revolution spurring dozens of competitors to slim down the design form factors and develop their own portable mobile phone technology design. In 2002, Samsung unleashed the world's first high-definition color LCD display suitable for mobile devices. Now users could browse the web and view images directly from their mobile devices in true color. In 2004, after selling over 20 million mobile handsets in the United States, Samsung announced the first mobile phone that supported digital multimedia broadcast via satellite. Users could now watch streaming high-quality multimedia content wherever they traveled.

16. Samsung announced the world's first five and seven megapixel camera phones in late 2004 and early 2005, respectively. Now, mid- to high-range digital camera functionality could be integrated with mobile handsets, allowing users to snap life-like photos on-the-go. In 2008, Samsung became the leading mobile handset vendor in the United States.

17. Samsung has also continuously innovated in the area of mobile phone displays. In 2008 and 2009, Samsung released the industry's first high resolution AMOLED display for a

mobile phone. The new display featured a 180-degree viewing angle and reduced power consumption when compared to traditional LCD displays. Samsung's clearer and brighter Super AMOLED displays continued to improve mobile phone displays with 30% better color reproduction over the best quality LCD displays.

18. Samsung's innovative features, including the integrated high resolution cameras and displays, were the result of the exceptional creativity and ingenuity of thousands of Samsung engineers across the globe engaged in cutting-edge research and development projects.

19. Samsung's innovative contributions to the mobile device industry have been recognized through numerous awards for excellence in mobile device design. For example, Samsung has received numerous "Red Dot Design Awards" in one of the largest international design competitions. Similarly, a number of Samsung mobile devices have been awarded the "iF Design Award" from the iF Industrie Forum Design e.V., based in Germany, for features such as the user interface. The iF Designs Awards are among the most important in the world, as evidenced by more than 11,000 annual entries from almost 50 countries. Samsung has also received a number of "Good Design Awards" from the Japan Industrial Design Promotion Organization (JIDPO). Overall, Samsung's mobile phones and devices have won close to 60 awards between 2007 and the beginning of 2011.

20. Samsung has consistently introduced market-relevant and innovative products, including over 1,500 mobile phone models, incorporating Samsung patented technology, into the U.S. marketplace since 1997. Over 281 million Samsung mobile devices have been sold since 1997.

21. Without the ability to enforce its intellectual property rights, such as those relating to mobile device technology at issue in this action, Samsung would not be able to sustain the extensive commitment to research and development that has enabled it to lead the way into numerous improvements across a broad range of technologies, including the mobile device technologies at issue in this action.

## SAMSUNG'S INTELLECTUAL PROPERTY RIGHTS

22. Samsung's patents relate to fundamental innovations that increase mobile device reliability, efficiency, and quality, and improve user interface in mobile handsets and other products. These innovations are critical to the user's ability to communicate with family, friends, and business associates reliably and effectively.

23. In communications systems, standards that prescribe the formats for sending information are essential to ensure that mobile devices made by different manufacturers are capable of interacting within a network. Because interoperability is key for communications, the development of protocols that ultimately result in a technical standard is very important to ensuring an efficient and functional system. As modern wireless networks carry more data at higher data rates and service more users than their predecessors, continued innovation is essential to keep pace with the increased demands on cellular networks. Samsung has been a leader in developing the ideas and protocols needed to increase the efficiency, reliability, and functionality of standards-based networks and the features available in these networks.

24. In the United States, one of the key standards governing cellular communications, known as Wideband Code-Division Multiple-Access (W-CDMA), is published by 3GPP (Third Generation Partnership Project). W-CDMA is one of the main technologies for the implementation of third-generation (3G) and more advanced cellular networks such as those of AT&T and T-Mobile. W-CDMA is the most common form of air interface standard within the Universal Mobile Telecommunications System (UMTS) telecommunications technologies standard. Samsung has made key inventions that are part of these standards.

25. The Samsung W-CDMA and UMTS patents at issue in this action relate to reliability, capacity, efficiency, compatibility, and functioning of mobile devices in W-CDMA and UMTS networks.

26. Samsung's technology relating to transmission of multiple streams, including voice and data, onto a single radio channel, allows users to talk on a mobile device and view and transmit information at the same time.

27. Samsung's technology increases the reliability of mobile devices. In particular, Samsung's technology increases the fidelity of transmission of data such as E-mail, text messages, and attachments sent by the user from the mobile device.

28. Samsung's technology increases the throughput and capacity of mobile device networks. The rapid increase in usage of the mobile device networks has led to unprecedented demand for increased capacity and throughput, particularly as data-demanding applications such as video have become widespread. Samsung's technology enables a given network to pack in more users' data without increasing the size of the frequency band used, and can therefore accommodate a larger number of users.

29. Samsung's technology reduces interference among mobile devices. As more and more mobile devices are used in today's networks, the likelihood of interference among different devices increases, and therefore regulation of the amount of transmit power is important. Samsung's technology provides techniques to regulate the amount of power transmitted by mobile devices, reducing interference in cellular communications.

30. The Samsung user interface patents at issue in this action relate to generating and displaying time, keyboard function, and viewing of images on mobile devices.

31. As users travel across time zones, the ability of a mobile device to update to the local time is important for tracking appointments and meetings. Samsung's technology provides a means for a mobile device to control and display world time.

32. Input techniques that do not require a conventional hardware keyboard are important to functionality for small mobile devices. Samsung has developed a technique using a software keyboard system on a touch screen to fill this need.

33. Graphical data, *e.g.*, images, are an integral part of modern web pages viewed on computers and other mobile devices. High-resolution images can take time to load, depending on their size and the speed of the user's connection to the network. Samsung's technology permits the user to view an approximation of the image while the full resolution image is loading.

34. Samsung has sold millions of mobile phones in the United States incorporating the patented technology at issue here. For example, in 2010, Samsung sold over 24 million mobile phones incorporating Samsung's innovations that reduce data transmission errors, including the Samsung Galaxy S 4G. The Samsung Galaxy S 4G has been heralded by CNET as a "fantastic Android smartphone" that delivers "fast data speeds," and PC Magazine named the Samsung Galaxy S 4G one of the best AT&T and T-Mobile phones.

35. Samsung's Captivate and Vibrant mobile phone models, which also incorporate the patented technologies at issue here, were both named to PC Magazine's Top 10 Smartphones list, with the Samsung Captivate being described as a "super-phone," and the Samsung Vibrant being described as T-Mobile's "top smartphone."

36. Apple has copied many of Samsung's innovations in its Apple iPhone, iPod, and iPad products. Unlike other Samsung competitors that have respected Samsung's innovations and licensed the Samsung patents covering these technologies, Apple continues to violate Samsung's patent rights by using these patented technologies without a license.

37. SEC is the owner of all rights, title, and interest in the '941 patent, entitled "Method and Apparatus for Transmitting/Receiving Packet Data Using Pre-Defined Length Indicator in a Mobile Communication System," which was duly and properly issued by the United States Patent and Trademark Office ("USPTO") on March 9, 2010. A copy of the '941 patent is attached as Ex. 1.

38. SEC is the owner of all rights, title, and interest in the '867 patent, entitled "Apparatus and Method for Generating Scrambling Code in UMTS Mobile Communication System," which was duly and properly issued by the USPTO on April 22, 2008. A copy of the '867 patent is attached as Ex. 2.

39. SEC is the owner of all rights, title, and interest in the '516 patent, entitled "Method and Apparatus for Data Transmission in a Mobile Telecommunication System Supporting Enhanced Uplink Service," which was duly and properly issued by the USPTO on November 4, 2008. A copy of the '516 patent is attached as Ex. 3.

COMPLAINT FOR PATENT INFRINGEMENT

40. SEC is the owner of all rights, title, and interest in the '792 patent, entitled "Interleaving Apparatus and Method for Symbol Mapping in an HSDPA Mobile Communication System," which was duly and properly issued by the USPTO on April 3, 2007. A copy of the '792 patent is attached as Ex. 4.

41. SEC is the owner of all rights, title, and interest in the '001 patent, entitled "Apparatus and Method for Channel Coding and Multiplexing in CDMA Communication System," which was duly and properly issued by the USPTO on June 10, 2008. A copy of the '001 patent is attached as Ex. 5.

42. SEC is the owner of all rights, title, and interest in the '410 patent, entitled "Apparatus and Method for Controlling a Demultiplexer and a Multiplexer Used for Rate Matching in a Mobile Communication System," which was duly and properly issued by the USPTO on May 23, 2006. A copy of the '410 patent is attached as Ex. 6.

43. SEC is the owner of all rights, title, and interest in the '604 patent, entitled "Turbo Encoding/Decoding Device and Method for Processing Frame Data According to QOS," which was duly and properly issued by the USPTO on August 9, 2005. A copy of the '604 patent is attached as Ex. 7.

44. SEC is the owner of all rights, title, and interest in the '179 patent, entitled "Software Keyboard System Using Trace of Stylus on a Touch Screen and Method for Recognizing Key Code Using the Same," which was duly and properly issued by the USPTO on September 18, 2001. A copy of the '179 patent is attached as Ex. 8.

45. SEC is the owner of all rights, title, and interest in the '626 patent, entitled "Systems and Methods for Generating Visual Representations of Graphical Data and Digital Document Processing," which was duly and properly issued by the USPTO on March 7, 2006. A copy of the '626 patent is attached as Ex. 9.

46. SEC is the owner of all rights, title, and interest in the '055 patent, entitled "Mobile Telephone Capable of Displaying World Time and Method for Controlling the Same," which was duly and properly issued by the USPTO on June 27, 2006. A copy of the '055 patent is attached as Ex. 10.

## COUNT I

## INFRINGEMENT OF THE '941 PATENT

47. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-46 of this Complaint as though fully set forth herein.

48. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '941 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '941 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

49. As a result of Apple's unlawful infringement of the '941 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

50. On information and belief, Apple intends to continue its unlawful infringing activity, and Samsung continues to and will continue to suffer irreparably harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

## COUNT II

## INFRINGEMENT OF THE '867 PATENT

51. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-50 of this Complaint as though fully set forth herein.

52. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '867 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '867 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

53. As a result of Apple's unlawful infringement of the '867 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

54. On information and belief, Apple intends to continue its unlawful infringing activity, and Samsung continues to and will continue to suffer irreparably harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

## COUNT III

## INFRINGEMENT OF THE '516 PATENT

55. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-54 of this Complaint as though fully set forth herein.

56. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '516 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '516 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

57. As a result of Apple's unlawful infringement of the '516 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

58. On information and belief, Apple intends to continue its unlawful infringing activity, and Samsung continues to and will continue to suffer irreparably harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

## COUNT IV

## INFRINGEMENT OF THE '792 PATENT

59. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-58 of this Complaint as though fully set forth herein.

60. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '792 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '792 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

61. As a result of Apple's unlawful infringement of the '792 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

62. On information and belief, Apple intends to continue its unlawful infringing activity, and Samsung continues to and will continue to suffer irreparably harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

## COUNT V

## INFRINGEMENT OF THE '001 PATENT

63. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-62 of this Complaint as though fully set forth herein.

64. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '001 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '001 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

65. As a result of Apple's unlawful infringement of the '001 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

66. On information and belief, Apple intends to continue its unlawful infringing activity, and Samsung continues to and will continue to suffer irreparably harm – for which there

is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

## COUNT VI

## INFRINGEMENT OF THE '410 PATENT

67. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-66 of this Complaint as though fully set forth herein.

68. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '410 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '410 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

69. As a result of Apple's unlawful infringement of the '410 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

70. On information and belief, Apple intends to continue its unlawful infringing activity, and Samsung continues to and will continue to suffer irreparably harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

## COUNT VII

## INFRINGEMENT OF THE '604 PATENT

71. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-70 of this Complaint as though fully set forth herein.

72. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '604 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the

COMPLAINT FOR PATENT INFRINGEMENT

'604 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPad 3G, and the iPad 2 3G.

73. As a result of Apple's unlawful infringement of the '604 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

74. On information and belief, Apple intends to continue its unlawful infringing activity, and Samsung continues to and will continue to suffer irreparably harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

## COUNT VIII

## INFRINGEMENT OF THE '179 PATENT

75. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-74 of this Complaint as though fully set forth herein.

76. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '179 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '179 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPod Touch, the iPad, the iPad 3G, the iPad2, and the iPad 2 3G.

77. As a result of Apple's unlawful infringement of the '179 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

78. On information and belief, Apple intends to continue its unlawful infringing activity, and Samsung continues to and will continue to suffer irreparably harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

## COUNT IX

## INFRINGEMENT OF THE '626 PATENT

79. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-78 of this Complaint as though fully set forth herein.

80. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '626 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '626 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPod Touch, the iPad, the iPad 3G, the iPad 2, and the iPad 2 3G.

81. As a result of Apple's unlawful infringement of the '626 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

82. On information and belief, Apple intends to continue its unlawful infringing activity, and Samsung continues to and will continue to suffer irreparably harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

## COUNT X

## INFRINGEMENT OF THE '055 PATENT

83. Samsung realleges and incorporates by reference the allegations of Paragraphs 1-82 of this Complaint as though fully set forth herein.

84. Upon information and belief, in violation of 35 U.S.C. § 271, Apple is and has been directly infringing, contributing to the infringement of, and/or inducing others to infringe the '055 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products or processes that practice the inventions claimed in the '055 patent, including without limitation, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the iPod Touch, the iPad, the iPad 3G, the iPad 2, and the iPad 2 3G.

85. As a result of Apple's unlawful infringement of the '055 patent, Samsung has suffered and will continue to suffer damage. Samsung is entitled to recover from Apple the damages suffered by Samsung as a result of its unlawful acts.

86. On information and belief, Apple intends to continue its unlawful infringing activity, and Samsung continues to and will continue to suffer irreparably harm – for which there is no adequate remedy at law – from such unlawful infringing activities unless this Court enjoins Apple from further infringing activities.

**PRAYER FOR RELIEF**

WHEREFORE, Samsung prays for the following relief:

(a) That Apple be declared to have infringed, induced others to infringe and/or committed acts of contributory infringement with respect to the claims of the patents-in-suit as alleged above;

(b) That Apple and its officers, agents, servants, employees, and all those persons acting or attempting to act in active concert or in participation with them or acting on their behalf be immediately, preliminarily and permanently enjoined from further infringement of the patents-in-suit;

(c) That Apple be ordered to account for and pay to Samsung all damages caused to Samsung by reason of Apple's infringement of the patents-in-suit pursuant to 35 U.S.C. § 284;

(d) That Apple be ordered to pay treble damages for willful infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

(e) That this case be declared "exceptional" under 35 U.S.C. § 285 and that Samsung be awarded its attorneys' fees, expenses, and costs incurred in this action;

(f) That Samsung be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Apple's infringement of the patents-in-suit;

(g) That Apple be ordered to pay all costs associated with this action; and

(h) That Samsung be granted such other and additional relief as the Court deems just and proper.

DATED: April 27, 2011

Respectfully submitted,

By /s/ C.F. M_____

Charles K. Verhoeven
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600

Kevin P.B. Johnson
Victoria Maroulis
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: 650-801-5000

Edward J. DeFranco
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Ave, 22nd Floor
New York, NY 10010
Telephone: 212-849-7000

Michael T. Zeller
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiffs
Samsung Electronics Co., Ltd. and Samsung
Telecommunications America, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all issues so triable.

DATED: April 27, 2011

Respectfully submitted,

By /s/ *signature*
Charles K. Verhoeven
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600

Kevin P.B. Johnson
Victoria Maroulis
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: 650-801-5000

Edward J. DeFranco
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Ave, 22nd Floor
New York, NY 10010
Telephone: 212-849-7000

Michael T. Zeller
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff
Samsung Electronics Co., Ltd. and Samsung Telecommunications America, LLC